UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CHERYL CONLEY,

        Plaintiff,

v.

ACTION TOWARD INDEPENDENCE and
RACHEL BARTLOW-PAPPAS,

        Defendants.

-----------------------------------------------------------x

**COMPLAINT**

**06 CIV. 3325**

**BRIEANT**

## NATURE OF THE ACTION

This is an action under the <u>Americans With Disabilities Act</u> and the <u>New York Human Rights Law</u> for damages, back pay, reinstatement or future pay, based on Defendants' termination of and failure to reasonably accommodate Plaintiff, who is disabled with a permanent heart impairment and a mental health disorder. Plaintiff was a program manager employed by Defendant Action Toward Independence ("ATI") until her termination by ATI's Director, Bartlow-Pappas ("Pappas"), due to Plaintiff's physical and mental health disabilities. ATI and Pappas further retaliated against Plaintiff because Plaintiff was exercising her right to obtain disability benefits under the Social Security law based on her impairments.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343. Plaintiff's claims are brought under the <u>Americans With Disabilities Act</u>, 42 U.S.C. §§12101, 12117 and 42 U.S.C. §1981a. Supplemental jurisdiction exists under the <u>New York Human Rights Law</u>, <u>Executive Law</u> §§292 and 296 et seq.

2. Defendants' unlawful employment practices giving rise to this action were committed in Orange County, State of New York, in the Southern District, where Defendants reside and do business.

## PARTIES

3. Plaintiff Cheryl Conley is a resident of Orange County in the State of New York. She was a program manager and coordinator for ATI for over two years until her termination on April 18, 2005.

4. Defendant ATI operates centers for disabled persons with facilities in Orange and Sullivan Counties. Defendant Rachel Bartlow-Pappas ("Pappas") is ATI's Executive Director.

## FACTS AND CLAIMS FOR RELIEF

5. Plaintiff was a highly rated program director at ATI. At the time of her termination in April 2005, she was manager of ATI's Drop-In Center which provided services for ATI's disabled clients.

6. ATI employed more than 15 employees at all relevant times in this action.

7. Plaintiff has permanent heart disease and a bipolar mental disability. She is disabled, her disabilities were of record at ATI, Defendants were aware of Plaintiff's disabilities and regarded Plaintiff as a disabled person.

8. ATI's policy manual permits leaves of absence for health and medical problems for up to one year.

9. ATI's policy manual further states that: "As a disability rights organization, ATI strives to be a model of equal access and reasonable accommodation for our consumers and staff as well as the community at large." Concerning providing reasonable accommodations for ATI employees, ATI's manual states: "As mandated by our philosophy and the requirements of the Americans With Disabilities Act and New York State Human Rights Law, ATI will offer and provide reasonable accommodations to employees with disabilities if they are 'otherwise qualified' for the position and inform us of the need for such accommodations."

10. In or about May 2004, Plaintiff suffered a heart attack while employed by ATI. She returned to work in or about early June 2004. In November 2004, Plaintiff requested and obtained leave for approximately

two weeks through Thanksgiving 2004 to assist in her recovery from complications from her heart attack and because of her ongoing mental health problems. Defendant Pappas did not object to such leave to which Plaintiff was entitled.

11. In December 2004, Plaintiff obtained medical leave from ATI through January 2005. In mid-January 2005, Plaintiff again requested and was granted a continued medical leave to April 18, 2005 due her heart condition, her continuing recovery from the heart attack and because of her bi-polar mental impairment. In addition, during March 2005, Plaintiff informed Pappas that she had to undergo an emergency heart procedure in March 2005.

12. In December 2004, Plaintiff began the process of applying for Social Security disability benefits based on her above stated disabilities. In April 2005, her Social Security representative informed Plaintiff that for her to participate in the key Social Security "work trial period" program (which enables a disabled person such as Plaintiff to resume employment and receive Social Security benefits at the same time, for a limited period) and not jeopardize her Social Security disability benefits, Plaintiff could not resume her job at ATI until May 2, 2005 rather than the previously discussed April 18, amounting to a two week difference in time.

13. Plaintiff thereupon requested a two week continuing medical leave, on or about April 14, 2005, as a reasonable accommodation for her disabilities.

14. As a measure of Plaintiff's good faith toward ATI and Pappas in light of her prior discussed April 18 return to work date, Plaintiff requested a further accommodation, for the purpose of preserving her disability benefits by not resuming work until May 2, 2005, by offering to do some volunteer unpaid appearances at ATI during the April 14 – May 2 two week period.

15. Defendant Pappas refused to grant Plaintiff her requested reasonable accommodation for a two week continuation of her medical leave to May 2, 2005 for which Plaintiff remained eligible or to permit her to appear at ATI on a volunteer basis. Pappas admitted that she knew and relied on the fact that the purpose of Plaintiff's requested accommodation for a two week medical leave from April 18 to May 2 was for Plaintiff to obtain Social Security's "work trial period" benefits solely based on Plaintiff's disabilities. Notwithstanding Plaintiff's pursuit of Social Security disability benefits related to her known disabilities, Pappas treated Plaintiff's request to extend her leave beyond April 18, 2005 as a "resignation" effective April 18 and terminated Plaintiff on that date solely

because of Plaintiff's disabilities and her effort to obtain lawful benefits based on them. Plaintiff at no time "resigned" her job at ATI and specifically disavowed any intention to do so.

16. Defendant Pappas further characterized Plaintiff's good faith effort to volunteer during the April 18 – May 2, 2005 two week period as part of her accommodation request as "fraudulent", without any lawful basis for making such a bad faith and intentionally discriminatory assertion.

17. Defendants Pappas and ATI at no time claimed that Plaintiff's two week requested accommodation would cause ATI "undue hardship" to support their rejecting Plaintiff's request, no such hardship existed of any kind, and Plaintiff's request for such leave is authorized by Defendant ATI's policies and procedures.

18. On April 18, 2005, the day Plaintiff was terminated, Pappas stated to Plaintiff that she should consider not working if she "had all these problems", referring to Plaintiff's disabilities and effort to obtain Social Security benefits.

19. Defendants' termination of Plaintiff on April 18, 2005 was motivated by Pappas' displeasure and antagonism toward Plaintiff because of her disabilities and because Plaintiff sought further legitimate and

available medical leave as a reasonable accommodation to protect her disability benefits.

20. At all times, Plaintiff performed her job competently and received high evaluations for her work from ATI.

21. Plaintiff's permanent heart disease and bi-polar mental health condition are impairments or disabilities that substantially limit one or more of Plaintiff's major life activities, including but not limited to working. Plaintiff is separately regarded by ATI as having such disabilities, whether or not such disabilities actually exist, and Plaintiff has a record of such disabilities at ATI since at least 2004. Accordingly, Plaintiff is disabled on all grounds set forth in the <u>American With Disabilities Act</u>, 42 USC Sec. 12102 (2). Plaintiff is also disabled within the meaning of the <u>New York Human Rights Law</u>, <u>Executive Law</u>, Sec. 292 (21).

22. Plaintiff is a qualified individual, with or without an actual disability, who can perform the essential functions of her manager and program jobs at ATI, with or without a reasonable accommodation, pursuant to the <u>Americans With Disabilities Act</u>, 42 USC Sec. 12111(8). Under the <u>New York State Human Rights Law</u>, Executive Law, Sec. 292(21), Plaintiff's disabilities do not prevent her from performing in a reasonable

manner the activities of her manager and program jobs, with or without a reasonable accommodation.

23. Defendants' termination of Plaintiff, apart from Defendants' unlawful discrimination against Plaintiff because of her disabilities and because she sought lawful benefits due to these disabilities, was to retaliate against Plaintiff because she exercised her rights as a disabled person in seeking a reasonable two week accommodation to obtain and protect such benefits under law.

24. Defendants' discrimination and retaliation against Plaintiff based on her disabilities or perceived disabilities or record of disabilities, and her requests for reasonable accommodation, were intentional and engaged in with reckless indifference to Plaintiff's rights under the <u>Americans With Disabilities Act</u> and the <u>New York State Human Rights Law</u>.

25. Defendant Pappas aided and abetted Defendant ATI in ATI's unlawful discriminatory and retaliatory conduct against Plaintiff and is individually liable in damages to Plaintiff because of her intentional acts under state law.

26. Because of Defendants' unlawful and bad faith conduct, Plaintiff has lost her job, its pay and benefits and job promotion opportunities at ATI.

27. Plaintiff suffered severe emotional distress, mental anguish and humiliation because of Defendants' discrimination, Defendants' refusal to reasonably accommodate her and their retaliation against Plaintiff.

28. Plaintiff received Right to Sue letters and notices from the United States Equal Employment Opportunity Commission authorizing her to commence this action. Plaintiff thereafter timely filed this federal court action.

## FIRST CLAIM FOR RELIEF

29. Plaintiff restates and realleges paragraphs 1-28 of this complaint as if fully set forth in this paragraph. Plaintiff further alleges that by discriminating against Plaintiff because of her disabilities and failing to provide her with reasonable accommodations to obtain disability benefits for which she was eligible, Defendants violated the <u>Americans With Disabilities Act</u> and the <u>New York State Human Rights Law.</u>

## SECOND CLAIM FOR RELIEF

30. Plaintiff restates and realleges paragraphs 1-29 of this complaint as if fully set forth in this paragraph. Plaintiff further alleges that by retaliating against Plaintiff by terminating her because she engaged in protected activity in seeking an accommodation under law to allow her to obtain disability benefits, Defendants violated the <u>Americans With</u>

Disabilities Act, Section 2000e-3, and the New York State Human Rights Law, Executive Law, Section 296 (1)(e).

### THIRD CLAIM FOR RELIEF

31. Plaintiff restates and realleges paragraphs 1-29 of this complaint as if fully set forth in this paragraph. Plaintiff further alleges that Defendant regarded Plaintiff as having serious impairments that substantially limited her ability to work in manager jobs because of her permanent heart impairment condition and heart operation and her bi-polar mental impairment disabilities and desired to replace her with someone who did not have such serious health disabilities. Because of Defendants' perception and Defendants' refusal to consider and provide Plaintiff reasonable accommodation in April 2005 in her efforts to qualify for and obtain Social Security disability benefits, Defendants violated the Americans With Disabilities Act and the New York State Human Rights Law.

### FOURTH CLAIM FOR RELIEF

32. Plaintiff restates and realleges paragraphs 1-29 of this complaint as if fully set forth in this paragraph. Plaintiff further alleges that Defendants' discrimination against Plaintiff because of her disability and Defendants' retaliation against Plaintiff because she engaged in protected

activity separately violated the <u>New York State Human Rights Law</u>, Section 296 (1)(a)(e), 292(21).

### FIFTH CLAIM FOR RELIEF

33. Plaintiff restates and realleges paragraphs 1-29 of this complaint as if fully set forth in this paragraph. Plaintiff further alleges that Defendants' intentional and deliberate discrimination and retaliation against Plaintiff caused her to suffer physical injuries, pain and suffering and humiliation, loss of pay and loss of benefits.

**WHEREFORE**, Plaintiff requests judgment:

A. Granting Plaintiff compensatory damages against Defendants for Plaintiff's pain and suffering, emotional distress and humiliation caused by Defendants' disability discrimination, failure to accommodate and retaliation against Plaintiff.

B. Granting Plaintiff punitive damages under federal law against Defendant ATI for its intentional, bad faith and reckless acts of discrimination, retaliation and failure to accommodate based on Plaintiff's disabilities.

C. Granting Plaintiff compensatory and punitive damages against Defendants ATI and Pappas for retaliating against Plaintiff because she engaged in protected activity under federal and state law.

D. Granting Plaintiff reinstatement, back pay or future pay for loss of wages and benefits caused by Defendants' unlawful conduct.

E. Granting Plaintiff compensatory damages against Defendant Pappas under state law because she aided and abetted Defendant ATI in its unlawful conduct against Plaintiff.

F. Granting Plaintiff such further relief, including an injunction, as this Court finds just.

G. Granting Plaintiff her costs, pre and post judgment interest, reasonable attorney's fees and expert witness fees from Defendants.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact.

Dated:    May 1, 2006
          Poughkeepsie, New York

_____
RICHARD B. WOLF    RW 4666
Attorney for Plaintiff
510 Haight Avenue, Suite 202
Poughkeepsie, New York 12603
(845) 454-1200